IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEENAN K. COFIELD            *

    v.                      *    CIVIL ACTION NO. CCB-16-2754

STATE OF MARYLAND            *
STEPHEN A. MOYER
KATHY LANDERKIN              *
BALTIMORE COUNTY GOVERNMENT
BALTIMORE CO. CIRCUIT COURT  *
HON COLLEEN A. CAVANAUGH
                             *
                                        *****

MEMORANDUM

According to the facts set out in this 28 U.S.C. § 2241 petition for writ of habeas corpus filed on August 2, 2016, Keenan Cofield was convicted on one count of theft in the Circuit Court for Baltimore County, Maryland, in December of 2011. Cofield contends that he has not been awarded the full amount of diminution credits to which he is entitled given his pre-sentence and post-sentence custody. He further alleges that the records issued by the state circuit court are invalid because they do not contain the signature of the sentencing judge as required under federal and state laws. (ECF Nos. 1, 5.) He argues that he should be released from the sentence.

Respondents have filed a show cause response to the petition, maintaining that the case should be dismissed for Cofield's failure to exhaust his state court judicial remedies. (ECF No. 6.) Cofield has filed a reply, as well as motions seeking leave to file a supplemental petition and for judgment on the pleadings. (ECF Nos. 7, 9, & 10.)

According to the record presented to the court, on December 7, 2010, the Circuit Court for Baltimore County imposed a ten-year sentence on Cofield following his conviction of theft. (ECF

No. 6-1.) The imposition of the ten-year sentence resulted in a term of confinement with a maximum expiration date of December 7, 2020. (ECF No. 6-2.)

Under Md. Code. Ann, Corr. Servs. §§ 3-701–711, an inmate serving a term of confinement in the Division of Correction may earn diminution of confinement credits to reduce the length of his/her incarceration. Respondents maintain that Cofield has been awarded the following diminution of confinement credits under Md. Code Ann, Corr. Servs. §§ 3-704–707 as of November 28, 2016: 1,080 good conduct credits, 162 industrial credits, and 45 special project credits, for a total of 1,287 diminution credits. (ECF No. 6-3.)

Respondents further affirm that Cofield has also earned diminution credits while in pre-sentence or post-sentence custody of a local detention center under Md. Code Ann., Corr. Servs. §§ 11-501, *et seq*. He has been awarded 85 good conduct credits, 59 industrial credits, and 25 special project credits under 11-501, *et seq.*, resulting in a cumulative award of 1,456 diminution of confinement credits. Subtracting the 1,456 diminution of confinement credits from the December 7, 2020, maximum expiration date yields a projected mandatory supervision date of December 12, 2016, as of November 28, 2016. (*Id.*)

The general habeas corpus statute establishes a mechanism for a federal inmate who is "in custody" to challenge the execution of, rather than the imposition of, his or her sentence. 28 U.S.C.A. § 2241(c)(3). The court docket shows that as of December 15, 2016, Cofield is no longer confined. (ECF No. 8.) The Division of Correction Office of Data Processing confirms that Cofield was released on mandatory supervision on December 12, 2016.

The doctrine of mootness derives from the case or controversy limitation because "an action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval County Sch.*

*Bd*. 112 F.3d 1475, 1477 (11th Cir. 1997). If events occur subsequent to the filing of a lawsuit that divests the court of the ability to award meaningful relief, the case is moot. *Ross v. Reed,* 719 F.2d 689, 693–94 (4th Cir. 1983). "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank Corp*., 494 U.S. 472, 477 (1990). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* at 478 (quoting *Los Angeles v. Lyons,* 461 U.S. 95, 101 (1983)). "This means that, throughout the litigation, the complainant 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer*, 523 U.S. at 7 (quoting *Lewis,* 494 U.S. at 477).

Where, as here, a petitioner is released from custody after filing a § 2241 application, the petition is not *ipso facto* rendered moot. Instead, the inquiry focuses on whether the court nonetheless can grant petitioner the relief he requests. *See Salgado v. Fed Bureau of Prisons*, 220 Fed. App'x. 256, 257 (5th Cir. 2007).

Cofield contends that the Division of Correction has miscalculated his diminution credits and, as relief, he sought earlier release from incarceration. As Cofield is no longer in prison, the court cannot provide such relief, and his petition accordingly has been rendered moot. *Id*. at 256–257 (dismissing appeal of denial of § 2241 petition as moot where petitioner sought reduction in prison term and was released from prison while appeal was pending). Cofield has failed to show that the award of credits would have any effect on his current term of supervised release or that he will suffer any adverse or collateral consequence without retroactive relief. Therefore, his petition

3

shall be dismissed as moot.

Generally, a habeas petitioner seeking § 2241 relief is required to exhaust state remedies. *See Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010). Although § 2241 does not contain a statutory exhaustion requirement, courts have consistently required a petitioner to exhaust his administrative remedies prior to petitioning for a writ of habeas corpus. This allows the appropriate agency to develop a factual record and apply its expertise, which can facilitate judicial review. This also permits agencies to grant the relief requested, which conserves judicial resources and provide agencies the opportunity to correct their own errors, fostering administrative autonomy, before a petitioner hales it into federal court. *See McCarthy v. Madigan*, 503 U.S. 140, 144–45 (1992); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761–62 (3rd Cir. 1996).

There are, however, instances where exhaustion may be excused. The Supreme Court recognizes that "it is a principle controlling all habeas corpus petitions to the federal courts, that those courts will interfere with the administration of justice . . . only in rare cases where exceptional circumstances of peculiar urgency are shown to exist." *Rose v. Lundy*, 455 U.S. 509, 515–16 (1982) (internal citations omitted). Exhaustion of administrative remedies may not be required where a petitioner demonstrated futility, the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or the administrative procedure is clearly shown to be inadequate to prevent irreparable harm. *See Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3rd Cir. 1988).

An inmate who wishes to challenge the award of diminution credits has two possible avenues for relief. Regardless of whether he believes he is entitled to an immediate release, an inmate may seek the restoration of his or her credits via administrative proceedings by: (1) filing a request under the administrative remedy procedure, Division of Correction Directive 185-001, *et seq.*, to the

4

warden of the institution where he is confined; (2) appealing a denial of the request by the warden to the Commissioner; (3) filing a complaint with the Inmate Grievance Office ("IGO"); (4) appealing a final decision of the IGO to the Circuit Court; (5) filing an application for leave to appeal to the Court of Special Appeals from the decision of the Circuit Court; and (6) *if* the Court of Special Appeals grants the application for leave to appeal, but denies relief on the merits, seeking *certiorari* to the Court of Appeals.

An inmate claiming an entitlement to an immediate release can also seek relief directly from the state courts by: (1) filing a petition for writ of habeas corpus in a Circuit Court; (2) appealing a decision by the Circuit Court to the Court of Special Appeals; and (3) seeking *certiorari* to the Court of Appeals from a decision by the Court of Special Appeals.

Although Cofield filed a grievance in 2015 with the IGO challenging the computation of his diminution of credits (ECF No. 6-4), he has failed to show that he appealed the July 22, 2016, denial of his grievance to the state courts. Thus, he has not fully exhausted his state court remedies as to his issue. Accordingly, even if his petition is not moot, it may be dismissed for the failure to exhaust available state court remedies. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U. S. 484, 490–91 (1973).

For the aforementioned reasons, the petition shall be dismissed.[1] The court declines to issue a certificate of appealability. A separate Order follows.

| | |
|---|---|
| June 16, 2017 | /S/ |
| Date | Catherine C. Blake |
| | United States District Judge |

---

[1] In light of this decision, Cofield's motions seeking leave to amend or supplement the petition and for judgment on the pleadings will be denied.